# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MELVIN DEWAYNE HARRIS,
            *Defendant-Appellant.*

No. 01-4955

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RANDY RICHARD BROOKS,
            *Defendant-Appellant.*

No. 01-4981

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-37)

Submitted: August 22, 2002

Decided: October 3, 2002

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Austine M. L. Hamilton, Durham, North Carolina; Lisa S. Costner,
LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for

Appellants. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Melvin Dewayne Harris pleaded guilty to conspiring to sell cocaine base, and distributing 54.4 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Harris was sentenced to two concurrent terms of 320 months incarceration and ten years of supervised release. Randy Richard Brooks pleaded guilty to distributing 54.3 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Brooks was sentenced to 120 months incarceration and five years of supervised release. Harris and Brooks have timely appealed their sentences; their attorneys have each filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Harris and Brooks have also filed pro se supplemental briefs.

First, the attorneys for Harris and Brooks argue the district court erred in determining their sentences by failing to grant downward departures. There is no basis for concluding the district court was unaware of its authority to grant either Appellant a downward departure, and consequently, this issue is not subject to appellate review. *United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

Second, Harris argues in his pro se informal brief that the district court erred in enhancing his offense level based on his leadership role in the drug conspiracy, and that his counsel was ineffective for failing to raise this challenge on appeal. These claims are meritless. Harris provided drugs to five co-conspirators as part of an extensive conspir-

acy lasting over a decade, and was therefore subject to the four point enhancement. *U.S. Sentencing Guidelines Manual* § 3B1.1(a) (2000). Additionally, Harris's challenges to his counsel's assistance are not conclusively established by the record, and must therefore be raised under 28 U.S.C. § 2255 (2000). *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Third, Brooks argues in his pro se informal brief that the district court violated Fed. R. Crim. P. 32 by failing to ensure Brooks's counsel had discussed the Presentence Investigation Report with him, and that his counsel was ineffective. These claims are meritless; Brooks has not established a Fed. R. Crim. P. 32 violation, and his challenges to his counsel's assistance are not conclusively established by the record, and must therefore be raised under 28 U.S.C. § 2255 (2000). *Richardson*, 195 F.3d at 198 (4th Cir. 1999); *King*, 119 F.3d at 295.

Accordingly, we affirm the convictions and sentences of Harris and Brooks. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*